Call 208-779, Keeneland State of Illinois v. Anthony T. Butler On behalf of the Athlontics, Mr. Berman Mines On behalf of the Athletics, Mr. Richard Lundin Presiding Justice Zinoff was unable to be here due to circumstances beyond her control She has informed us that she will listen to the audio takes of the oral argument today  Thank you, Your Honor Good morning, Your Honors. I'm Verlon Mines. I'm a defender with the Office of State Appellate Defender in Ottawa I'm here this morning arguing a case out of Kane County Thank you very much, Your Honor I've argued in a number of courts in this state. This is my first appearance in front of this court It's both a pleasure and a privilege to appear in front of this court I'm here on behalf of Anthony Butler Mr. Butler was convicted of the offense of first-degree murder following a jury trial in June of 2003 The state's theory at that trial was that the defendant, Mr. Butler, and a Jovan Daniels Approached a number of individuals in a parking lot Both of them began firing at one of the individuals in a car in the parking lot And then the defendant himself announced a specific intent or a desire to kill that person And walked over and fired additional shots at him And those shots resulted in his death The defendant was convicted following the jury trial He was sentenced in September of 2003 He received a sentence of 25 years for murder And because the jury had found that he had personally discharged the firearm And the discharge of the firearm had caused someone's death He received an additional 25 years under a firearms enhancement for a total of 50 years He appealed to this court This court decided the case in June of 2005 And affirmed his conviction and his sentence The defendant filed a pro se petition in December of 2005 A timely petition raising a number of issues in regard to ineffective assistance of both trial and appellate counsel Counsel was appointed, but then the case did languish for some time Ultimately, counsel filed an amended petition in February of 2008 In that petition, the amended petition, there was an allegation of ineffective assistance of counsel Essentially on three separate grounds The petition alleged that defense counsel had essentially scared the defendant into not testifying at trial By telling him that his testifying would hurt the appeal The petition also alleged that counsel was ineffective in not filing a motion to suppress defendant's statements Not citing the defendant's intellectual limitations and the circumstances of the interrogation itself The petition also alleged, finally, as to ineffective assistance of counsel That counsel had not called a crucial occurrence witness who would have contradicted the state's case The petition, this amended petition, also advanced a claim of actual innocence And in that regard attached significantly an affidavit by Jovan Daniels, the co-defendant In that affidavit, Mr. Daniels clearly assumed complete and total responsibility for the shooting of which the defendant was convicted Now that affidavit was filed almost two years after his own acquittal, wasn't it? Yes, it was filed, the affidavit was filed with the petition in 2008 It was executed sometime in 07 after Daniels had been tried in 05, yes In that affidavit, he clearly assumed responsibility He explained the motive that he had for killing Eric Green He also indicated that the defendant was not aware that he was carrying guns In response to this petition, the state filed a motion to dismiss A motion, of course, that assumes the truthfulness of everything that's in the petition The court wound up granting the motion to dismiss As to the claims of ineffective assistance of counsel, the court found and only found That all of those claims could have been presented on direct appeal As to Jovan Daniels' affidavit and the claim of actual innocence The court found that it was not new, it was not reliable, and it was not conclusive That is, it would not have affected the outcome of the original trial In the opening brief, the white brief, all that was argued was waiver as it relates to this The ineffective assistance claim, correct? That's the only thing that was really addressed in your opening brief In the original brief, I addressed the topic of waiver The error, the judge's clear error in my judgment In finding that these issues could have been raised on direct appeal Can't we affirm on any basis in the record You can, you can, but you shouldn't Quite clear, we have also addressed the merits in the reply brief Because the state went to the merits, the state has not given reason For the court to go beyond that to reach other grounds We have addressed the merits, though As to one of the points, the state does not really address the merits But makes still another technical point Regarding the lack of an affidavit from the occurrence witness That is clearly something that should have been raised in the trial court As we point out in our original brief We again submit, as we did both in the original brief That the trial judge was wrong in finding that those issues could have been raised on direct appeal And as we argued primarily in the reply brief The judge was also wrong on the merits With the court's permission, I'd like to emphasize this morning The second claim, the claim of actual innocence that was presented in the case Again, that claim was based upon an affidavit submitted by the co-defendant, Javann Daniels In that affidavit, Mr. Daniels listed his motive for wanting to kill Eric Green It was about a woman He indicated that he had both guns Because the forensic evidence in the case at trial Indicated that there were two guns used He indicated he had them both He also indicated that the defendant did not know that he had these two weapons And did not know of his, Daniels' plan to kill Eric Green Well, it would be a beautiful case if you didn't have eyewitnesses Who testified that they saw your client doing the actual shooting, wouldn't it? Yes, except, and the state would suggest that that eyewitness testimony was overwhelming And we clearly disagree with that point And we strenuously disagree with that point Would that be the province of the jury, then? To determine and give weight and credibility to the eyewitnesses You're asking us to step into the shoes of the jury, if you will And say, we don't believe the eyewitnesses Because now, all of a sudden, two years after he is acquitted He's come up with an affidavit taking the blame No, we're not asking that the jury's determination here Be in terms of what they did at the original trial in the case We are not challenging that in any way, shape, or form What we are saying is that there is additional evidence that is now available Not only Jovan Daniels' affidavit But also the occurrence witness Who is the subject of one of the claims of ineffective assistance of counsel We're asking that the jury, we're suggesting that the jury Any jury reaching the decision as to the guilt or innocence of the defendant As to the shooting of Eric Green Should, in fairness, hear not only the occurrence witness testimony Presented by the state initially But also the new evidence that is available at this point in time Was it new? Is it new evidence? Was it not available to you at that time? The theory was certainly available at the time The theory throughout the original trial was that Jovan Daniels did it That was the theory What was not available, what was clearly not available Was Jovan Daniels' testimony Jovan Daniels had not been tried yet The defendant's trial was in 03 Daniels' trial was in 05 He was not available He could not have been called And would not have testified had he been called But in the Molstad case, and I think you cited the Molstad Isn't that distinguishable? Because in that case, the defendants, the co-defendants Did put themselves at risk by filing affidavits prior to their sentencing Whereas here, as I pointed out before Mr. Daniels now is feeling pretty empowered He's been acquitted, and it's two years later And he's going to file an affidavit? No, he's by no means empowered In fact, and the reason he's not empowered Is how the state responded to this case in the trial court They were yelling and hollering About indicting him for perjury And indeed, that's what he is looking at So you're saying that's the risk that he's putting himself at? That's the risk that he's taking And it is a significant risk And the state, rather than simply stand on their motion to dismiss They had gone beyond that to make some factual allegations And they were yelling and screaming I put that in quotes, of course They were yelling and screaming About how they were going to indict him As soon as he showed up in the courthouse And that is why he's putting himself at risk Yes, there is no doubt that he is at risk He also, as to the point of whether or not he was available to testify He indicated in his affidavit Which again, for purposes of the motion to dismiss Must be assumed, must be taken as true He assumed in there that he had decided to reveal the truth For the first time In 2007 When he executed the affidavit That's when he finally decided To say what really happened here So under that affidavit Which we must accept at this point in the proceedings He would not have told the truth Even had he been called at the defendant's trial But couldn't, through diligence of the defense attorney Couldn't they discover what Mr. Daniels is saying now? As in most things Even if they somehow knew What Javon Daniels would say They couldn't have called him to the stand I'm not saying what he said I'm saying through discovery, through investigation When they interviewed the witnesses When the police interviewed the witnesses Nobody was able to, or defense attorney Was not able to discover That in fact it was this man As opposed to your client I mean, one can argue that your client Could have said to their attorney Hey, it wasn't me, I know it was this guy He did it, go look at him But again, your honor I guess my question is going to newly discovered evidence Is this newly discovered evidence Isn't this evidence that could have been discovered Prior to this affidavit coming before the court? Absolutely not Whether or not it could have been discovered There's no way that it could have been produced And that's the whole point of the whole No, the affidavit couldn't have been produced But some discovery with respect to him being the actual shooter Through investigation You're saying that's impossible Well, even if counsel Because one of the things If this was available and counsel didn't Go get it at that point in time There's a clear claim of ineffectiveness That should be investigated Did you raise that as ineffectiveness? No, because it wasn't available Because Javan Daniels was not talking And he was not talking until He testified at trial And then he was not testifying about the truth here Until he executed his affidavit in 2007 Again, there is no question that the theory of the defense That Javan Daniels did this Is not new That was the theory during the first trial There was no doubt about that What was not available was this evidence Javan Daniels' willingness to take the stand Despite the threat of a perjury prosecution And saying, I didn't, I did this And the defendant didn't Now, the trial judge here also went beyond the not new point And also found that it was not credible Well, the judge can't do that at the second stage This is a second stage proceeding And the judge, under the clear weight of the case law The clear command of the case law The judge at the second stage of the post-conviction petition Cannot make a credibility determination The judge clearly was wrong here And very obviously so In saying that he didn't believe the affidavit That Javan Daniels had submitted Again, this was a matter that should have been submitted And decided at an evidentiary hearing At the third stage Or ultimately by a jury Impound to hear the issue of the defendant's guilt or innocence Thank you The court can't really weigh this affidavit at all And look at the circum, totality of the circumstances Under which it was produced Whether this individual testified to A, a trial And B, you know, I mean The judge will have ample opportunity to do that At the third stage of the proceedings I stand upon the fact that This is the second stage of the proceedings I don't believe at a technical point Or an overly technical point That it's clear What's done in response to a motion to dismiss What happens when there's an answer What happens when the motion to dismiss is denied And the facts are joined And you go to a hearing That's what should happen here The state will have ample opportunity To bring in what they will Showing that Javan Daniels is a liar This is the wrong time to do it though Because we're at the second stage And not at the third And that's why we argue That the only appropriate credibility decision Will be made at the third stage Now the judge also found That the testimony The proposed testimony of Javan Daniels Was not going to have any impact on the trial Well, an observation of mine, your honors Is that I've always found myself To be the handsomest man in the room If I ignore everybody else who's there Well, and that's what the state is arguing here Its evidence is overwhelming Because they won't take a look At what else has been produced in the case They're witnesses And they are eyewitnesses But those eyewitnesses are not consistent In regard to the sequence of the shooting here One of them has them both shooting at one time The other witnesses support the state's theory That there were two separate shootings One by Javan Daniels And one by the defendant The witnesses can't get together On the number of shots that were fired That ranges from six to sixteen All three of the crucial state witnesses Who were in that car Were smoking dope at the time And obviously still There were, if I may conclude There are other problems With the state's evidence That was proposed here Problems that the trial judge Did not for a moment consider In ruling that the affidavit of Javan Daniels Was not conclusive So as to warrant the award Of an evidentiary hearing Is it appropriate for us to consider I mean, you argue in your brief In light of this affidavit We should also be taking into consideration The defendant's proposed testimony Since he was not allowed to testify And Ms. Wilson's testimony I think the witness's name was Wilson If I'm not mistaken I mean, are we supposed Are we really supposed to look At all these things together Or is that someone bootstrapping Those two arguments Absolutely, absolutely not I think it's absolutely essential Again, because we're at the second stage And we can figure out At the third stage The judge can The judge can decide At the third stage Exactly now what is to be believed And what should be considered In a determination of whether A new trial should be awarded But again, we're assuming the truth Of everything that has been suggested One of the things that's been suggested Is the existence of an occurrence witness Connie Sue Wilson Who will directly contradict The testimony of the occurrence witnesses One of the allegations Where was she? Where was Connie Wilson? Connie Wilson was the white lady Who was sitting in a car In the same parking lot She was referred to only As referred to as some white lady In a car That was the reference Now she had violated There was a police report Indicating what she would have testified That police report clearly indicates That what she would have If she had testified In accordance with what she told the police She would have directly contradicted The state's occurrence witnesses There is no question of that And I believe it appropriate I believe it appropriate That when we decide Whether the case should go From the second stage To the third stage That that also should be taken into account  That the defendant's statement Which is relied upon By the trial court And now on appeal The defendant's statement Would be gone Would be gone If the defendant can prove up his case At the third stage One other point to be considered Is that Having to do with the defendant's testimony There is an allegation As to why the defendant didn't testify In deciding whether this case Should go from the second stage To the third stage I respectfully submit We have to consider What would the defendant have to say What would the defendant have had to say here? We know that from his affidavit One, I didn't know what Jovan Daniels was doing I didn't fire the gun And beside that I had a lay problem A lay problem that I can document That shows that I wasn't running Jumping over fences Like every state witness had me doing When they testified at trial I believe all of that information Should be considered And the very narrow question Is appropriately considered At the second stage Going into the third stage And at the third stage It will ultimately be pared down If you will For an ultimate decision Of is this evidence conclusive So conclusive That it would warrant a new trial You have time for one more Mr. Williams Thank you Thank you, Your Honor Mr. Williams Looks like you broke your throat I had surgery So I apologize I fumbled a little bit May it please the court Counsel Richard Lund on behalf of The people of the state of Illinois Your Honor, before I begin my argument I would just like to request Orally request that even this court To file additional authority I have presented it to Counsel I have presented it to Mr. Mangum I'm moving to cite the case Of People v. Jones 399 L.F. 3rd 341 At 364 and 65 It is not for a new proposition It is merely actually Referring to a point That Justice Sostek mentioned Relating to A freestanding claim Of authority when that is appropriate It is It cites both Molstad and Coleman Cases cited by the prosecution And the defense Mr. Mangum will have a chance To respond to anything Of course, and obviously To say the least, the people have no objection Whether it's orally or In writing You may proceed Your Honor The people have some of a problem With the defendant's case In that he raises Concepts He raises the concept that The trial judge erred In certain decisions Yet the people in their brief Challenged What prejudice Defendant suffers as a result of that Defendant for the first time Makes some references To merits And what prejudice might have been But there really were no specific Claims There isn't really a very specific claim And even in the reply brief Of exactly how defendants suffered As a result of these Alleged errors Specifically the people in their opening brief In their brief Suggested that Due to the strength of the case The evidence is so overwhelming That none of these Alleged errors, even if They were erroneous Would have impacted The ultimate decision made And as I said Defense doesn't really state Well, okay A confession Was not challenged There wasn't really a confession All defendant acknowledged Was that He was present at the scene Well, he really couldn't dispute that Because there were videotapes Photos from a surveillance camera But he identified himself I mean, that's a statement It's a statement against interest It is not a confession Or it's nothing else that wasn't clearly evident In the record So yes, it's a confession to the extent Sorry, it's a statement against interest As opposed to a confession Wouldn't you categorize the one Brief statement that he made as a confession Where the officer said We know you were there, we saw you shooting or whatever On the tape You're in the middle of something And yeah, that's right He stated in the middle of something He stated he was there He didn't state that he had a gun He didn't state that he shot the gun That was his entire defense There's nothing that suggests That if that Statement If that statement against interest was Suppressed That there would have been any difference Or a negative impact Does it confirm, corroborate that Of the eyewitnesses? Yes Is it anything in addition? Arguably no The only factor The only portion of the statement That was Potentially not included in Someone else's testimony Was not cumulative Was a comment which really Did not appear to be discussed much at trial And certainly hasn't been briefed Which was a comment that That he may have had a motive That the victim had Allegedly attacked him Or bothered him on a couple Of previous occasions So that is the only factor That wouldn't have been In the record Regardless of The point being is that there was so much evidence That put defendant At the scene, defendant doesn't deny He was at the scene, wouldn't have denied Or really couldn't have denied he was at the scene Even if his statement had been Suppressed. As I said the only evidence Was relating to this alleged motive Which really wasn't I don't believe was even Really raised at trial It was briefly referred to In the detective statement But wasn't argued Wasn't mentioned any further Let's take you I'm sorry to jump around but I want to take you To the second stage Where in Judge Wagner Did comment on the credibility Or his interpretation Of the credibility of this affidavit Is that correct? No. Why not? Because defendant Argues black letter law Stating that you must assume that Everything in Defendant's petition is Accurate, is true That's not the law. The law says that Everything that isn't contradicted by the record Itself should be Taken as true and accurate He can comment on credibility He can't comment on credibility In a vacuum He can comment on credibility To the extent that that credibility Is impacted by Other evidence in the record So can he say that codefendant's affidavit Is Again, if it was in a vacuum He's not credible? Of course not Can he comment that He's not credible based on The facts of this specific case? Yes. And Potentially more importantly Is the fact that As your honor stated We can affirm On any basis Regardless of whether or not the trial Judge erred. We don't believe the trial judge Erred for that reason That he can assess the credibility Based on facts in the record But even if he erred He is able to And defendant concedes he's able to That the evidence was sufficient to support A freestanding claim Of innocence And in that the judge did make some specific claims So again, to some extent A credibility determination But again, based on The facts of the record The facts of the record Both the strength of the people's case And with all due respect The people would disagree That the number And sequence of shots Really has any Particular relevance to the facts of the case When you talk about the facts in the record And comparing this affidavit to the facts in the record Are we talking about the facts In the record also of the Codefendant's trial which would contradict The affidavit or are we just talking about the facts In the record of this case? Both. The facts of the record The court can take notice in some fashion Of the fact that the codefendant testified In his own trial directly opposite what the affidavit is? The I wish I knew I wish I could answer How much of a factor Each of those decisions was Do you know if it was the same trial court judge? I don't. The record, unfortunately That's why I can't answer We don't know. It isn't clear in the record How the trial judge knew that You know, one could presume It was the same judge, but again You know, we cannot factor that in It doesn't appear to be a case Where a judge says, wait a second I know that intersection It does appear to be Taking notice of facts In a codefendant's case Similar to this court Can do so But again, unfortunately I can't directly answer that because I don't Know what the basis of the judge's Ruling relating to that was However Do you agree that this is newly discovered evidence? No. Then why not? And again, that's where we cite Jones For the proposition that In order to be newly discovered It just doesn't have to be Unavailable The case law Specifically says that If defendant knew about it Despite the fact that it might be unavailable Despite the fact that a witness Might be uncooperative That potentially is still not newly discovered The Jones case Is very close to on point A codefendant Very similar to the instant case Files, actually two codefendants File affidavits after the fact The court specifically distinguished Molstad On the basis that Justice Sostack Had suggested And that is that Defendant wasn't at risk In his affidavit For anything relating to The Crime that was at issue Did the court actually make that Distinction, not the perjury? Yes, yes I'm sorry, the court did not discuss perjury Because that wasn't raised And again It doesn't suggest whether or not Placing yourself at risk isn't continual Placing yourself at risk for a Placing yourself at risk for a murder Conviction is another It is significantly larger And significantly more an issue The problem is we have, as the trial judge noted We have the whole concept of recantation If we were to allow A defendant, under what Circumstances, to be acquitted We'd have gangbangers, we'd have Friends, we'd have a lot of circumstances Where a defendant would receive An acquittal, and then once he receives His acquittal, and again, under what circumstances We don't know, to then come in and say Okay, I'm acquitted, I'm at no risk On the significant murder charge Yes, potentially I can be And may or may not be Convicted of perjury Significantly lesser offense than A murder charge, and That is exactly why we have Significant case law relating to Concerns with co-defendants and recantations And I think that's exactly what Judge Toomans Said in the Jones case The Jones case, if I recall That's exactly Was just a gang shooting At some gas station or something And somebody then comes forward later and says It was me It was me, again, after In that particular case, defendants had been Not acquitted, but in that case had been Charged and sentenced And they said, well, wait a second, 17 months later They had no more risk For the particular shooting Again, unfortunately But the perjury thing wasn't At play in that case, because they had been sentenced Correct, correct We do have the issue with perjury And obviously there is always That concern that if you're changing your story You're placing yourself at some risk But it isn't And has to be looked at in the continuum of Whether or not that risk Can be, you know, juxtaposed Against the concept of recantation And, you know, the Concern of the co-defendant testifying So your position Is that the trial court can Indeed take into consideration At the second stage the motive Behind these actions And in addition In Jones there is also A second factor, and that was the affidavit As similar to this case Didn't specifically say Again, we always We assume, we imply that Co-defendant didn't have been willing to testify At defendant's trial. Why? Because he wasn't trying to laughter at the fact We can't, though, necessarily Assume. Co-defendant Defendant made no effort to Ascertain that